# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAUL ANDREW KINCHLOE,

        Petitioner,                      Case Number: 2:07-CV-12460

v.                                      HONORABLE PAUL D. BORMAN

JERI ANN SHERRY,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Paul Andrew Kinchloe is currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. He has filed a *pro se* petition for a writ of habeas corpus. For the reasons set forth below, the Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

In the pending petition, Petitioner challenges a conviction for possession with intent to deliver less than fifty grams of a controlled substance, rendered in Oakland County Circuit Court. On September 26, 1988, Petitioner was sentenced to four to twenty years imprisonment.

On July 20, 2002, Petitioner filed a habeas corpus petition in this court challenging the

---

[1] 28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

Dockets.Justia.com

same conviction challenged in the pending petition. The District Court dismissed the petition with prejudice because it was not timely filed. *See* Kinchloe v. Pennell, No. 02-cv-73140 (E.D. Mich. Nov. 13, 2002) (Duggan, J.). The Sixth Circuit Court of Appeals has held that when a habeas corpus petition is dismissed based on a procedural bar, such a dismissal is a dismissal "on the merits." In re Cook, 215 F. 3d 606, 607 (6th Cir. 2000). *Accord* Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) (holding that a dismissal of a suit as untimely is a dismissal on the merits). Therefore, Petitioner's prior habeas petition, which was dismissed as untimely, was a dismissal on the merits.

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a second or successive petition in this Court. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

                                           s/Paul D. Borman
                                           PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

Dated: June 13, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 13, 2007.

s/Denise Goodine
Case Manager
