**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PAUL KINCHLOE,

              Petitioner,              Case Number: 2:07-CV-12460

v.                                       HONORABLE PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

JERI ANN SHERRY,

              Respondent.
_____/

### ORDER DENYING PETITIONER'S "SUPPLEMENTAL AMICUS CURIAE/RES JUDICATA/COLLATERAL ESTOPPEL" (ECF NO. 39) AND MOTION TO APPOINT COUNSEL (ECF NO. 41)

Paul Andrew Kinchloe (Petitioner), a prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* petition for a writ of habeas corpus. This was Petitioner's second habeas petition challenging the same conviction. The Court issued an order transferring the petition to the United States Court of Appeals for the Sixth Circuit because Petitioner had not received authorization to file a successive petition as required by 28 U.S.C. § 2243(b)(3). The Court of Appeals dismissed the action for want of prosecution. *See In re: Paul Andrew Kinchloe*, No. 14-2598 (6th Cir. Feb. 12, 2015) (ECF No. 24). Now before the Court are two filings by Petitioner.

First, Petitioner has filed a "Supplemental Amicus Curiae/Res Judicata/Collateral Estoppel." The true nature of this filing is difficult to discern as it is a confusing

combination of legalese, most of it apparently unrelated to the habeas corpus proceeding.[1]
Ultimately, Petitioner seeks release from prison and that all food served to him in prison be served "with close video documentary scrutiny ... and food handlers designated by the court." Supplemental Amicus Curiae at 4, ECF No. 39, Pg. ID 134.

This habeas proceeding has been closed since 2007. To the extent that the Supplemental Amicus Curiae seeks reconsideration of the Court's previous decision it is not timely filed. *See* E.D. Mich. LR 7.1(h). To the extent that the pleading seeks relief related to the manner in which food is served to Petitioner during his incarceration, this claim is unrelated to the habeas corpus proceeding and not properly filed in this closed case. Relief will be denied.

Also before the Court is Petitioner's Motion to Appoint Counsel. Because the matter is no longer pending in this Court, the motion will be denied as moot.

Accordingly, Petitioner's "Supplemental Amicus Curiae" (ECF No. 39) is DENIED. Petitioner's "Motion to Appoint Counsel" (ECF No. 41) is DENIED AS

---

[1]For example, Petitioner writes:

> The legal argument outlined in the initial amicus curiae filed. Outlined the legal components of a foreseeable breech [sic]. By the foreign constructess engaging in contractual agreements with the United States for reocvery of debts premised on loans. And the ulimtate breech [sic] of the corporate charter, binding upon states allegiance. Under the Declaration of Independence. ... [R]esulting in a breech [sic] of contract by the corporate United States capitol upon the states. ...

Supplemental Amicus Curiae at 1-2, ECF No. 39, Pg. ID 131-32.

MOOT.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 13, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2017.

s/Deborah Tofil
Case Manager